## UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF FLORIDA
#### ORLANDO DIVISION

**ST. PAUL FIRE & CASUALTY INSURANCE CO., a/s/o Robert O. Schlytter, d/b/a Herndon Plaza Shopping Center,**

**-vs-**                                                                 Case No.  6:07-cv-1104-Orl-35DAB

**GRS ORLANDO, INC., f/k/a C.E.I. Florida, Inc., as successor by merger with GRI of Orlando, Inc., JPS ELASTOMERICS CORP., d/b/a Stevens Roofing Systems,**

_____

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** MOTION FOR LEAVE OF COURT TO TAKE ADDITIONAL DEPOSITIONS (Doc. No. 50)
>
> **FILED:** October 1, 2008
> _____
>
> **THEREON** it is **ORDERED** that the motion is **DENIED**.

In the instant motion, filed almost a year after the Case Management meeting and well after the expiration of the original discovery deadline, Defendants move for leave to take an additional 10 depositions plus expert depositions, or alternatively, to charge half of the depositions already taken to Plaintiff and consolidate several depositions as a sole Rule 30(b)(6) deposition. The motion is untimely and otherwise without merit, and is therefore denied.

As set forth in the motion, the parties met in November 2007 and completed the Case Management Report, which noted, in pertinent part:

> Absent leave of Court, the parties may take no more than ten depositions per side (not per party). Fed.R.Civ.P. 30(a)(2)(A); Fed.R.Civ.P. 31(a)(2)(A); Local Rule 3.02(b). (Doc. No. 30 at 5).

A Case Management and Scheduling Order was issued in December 2007, incorporating the agreed-to fact discovery deadline of July 31, 2008 and the language quoted above (Doc. No. 31). At no time prior to the discovery deadline did Defendants seek to modify the Order to allow additional depositions. Indeed, Defendants moved *twice* to extend the discovery deadline, without seeking to amend the Order to allow more depositions. Both motions to extend the deadline were granted by the Court, with the following admonition:

> Provided, however, this extension in no way relieves the parties of other obligations and deadlines set forth in the Scheduling Order. Further, this extension shall not be the basis for seeking relief from that Order. Provided further, this extension assumes that there will be no disputes regarding discovery within this extended period, and the Court will not entertain any motions pertaining to such disputes.

(Doc. Nos. 40 and 46).

Despite the Court's clear direction that the extension is not to be used as a basis for seeking relief from the terms of the Scheduling Order, Defendants now seek just that, by asking for leave to add 10 additional witnesses (not counting experts). As support for this belated request, Defendants claim: 1) the Case Management and Scheduling Order is "silent on an explanation of what 'per side' means;" 2) as Plaintiff questioned each and every deponent, "the depositions were ones that the Plaintiff most likely would have set if the Defendants had not set the depositions;" and 3) special circumstances warrant the allowance of additional depositions.

The Case Management Order is not unclear as to what "per side" means: it states 'per side' and 'not per party.' To remove any doubt, the Order references two rules of civil procedure which

provide that a party must obtain leave of court if the parties have not stipulated to the deposition and "the deposition would result in more than 10 depositions being taken . . .by the *plaintiffs,* or by the *defendants,* or by the third-party *defendants*" (Fed.R.Civ.P. 30(a)(2)(A); Fed.R.Civ.P. 31(a)(2)(A); plural in original but emphasized here). This objection is specious.

The Court is similarly unimpressed with the novel argument that a witness called by the defense (through subpoena or deposition noticed by Defendants) is magically converted to a witness of Plaintiff's, should Plaintiff's counsel cross-examine him or her. The Court declines the invitation to examine whether the witnesses would have probably been deposed by Plaintiff anyway. The fact is, they were not.

Finally, nothing about the circumstances present in this case is special. This is a case about a roof that was installed in 1996 and failed in 2004. The complaint was filed in June 2007. The "lapse of time after the events precipitating the suit" was a fact when the case was filed. Moreover, the number of witnesses on the Rule 26 list was evident when the lists were exchanged and the parties met and conferred at the start of the case. Indeed, Defendants noted that the parties have "worked together" on deposition scheduling and discovery issues, as required by the local rules, thus the need for additional depositions (if, in fact, such is the case) should have been evident at the time of the case management meeting or shortly thereafter. Yet despite the fact that all these circumstances were present at the early stages of the litigation, Defendants never raised the issue before expiration of the original discovery deadline. There is simply no valid reason why, at this late stage before the end of

the *twice* extended discovery period, it should suddenly dawn on Defendants that perhaps they did not plan their discovery wisely.[1]

The motion is **denied.**

**DONE** and **ORDERED** in Orlando, Florida on October 8, 2008.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record

---

[1] Indeed, granting the motion would no doubt require yet another extension of the discovery deadline, as there are less than seventeen business days remaining in the fact discovery period, and the deponents are entitled to fair notice prior to their depositions.